IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TAMMY R. GARRISON, #220 585, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-846-MHT |
| | ) | [WO] |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff Tammy Garrison, a state inmate, on October 29, 2015.[1] Plaintiff names as defendants the Alabama Department of Corrections, Lieutenant William Miller, Sergeant Tommy Watkins, Lieutenant Napoleon Goodson, Warden Bobby Barrett, Lieutenant Frank Parker, and Warden G. Terrance. Plaintiff maintains she was subjected to disciplinary action and subsequently placed in segregation on August 10, 2013, based on false accusations made against her by inmate Dawn Jordan. Although in April 2015 Plaintiff states she was found not guilty of free world charges placed against her arising out of the same conduct for which she received the prison disciplinary, she complains "the disciplinary stuck." Plaintiff further alleges she was subjected to excessive force on

---

[1] Although the Clerk stamped the present complaint "filed" on November 12, 2015, Plaintiff signed her complaint on October 29, 2015. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In light of the foregoing and for purposes of the proceedings herein, the court considers October 29, 2015, as the date of filing.

August 10, 2013, by I & I Investigator Baskin when she would not corroborate the accusations made against her by inmate Jordan.[2] Plaintiff requests damages for the time she spent in disciplinary segregation. (Docs. 1, 8). Upon review, the court concludes that dismissal prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[3]

## I. DISCUSSION

### A. Claims Barred by the Statute of Limitations

Plaintiff's complaint is barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*). Therefore, in order to have [her] claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The disciplinary and excessive force claims about which Plaintiff complains occurred on or before August 10, 2013.[4] By its express terms, the tolling provision of

---

[2] Because Investigator Baskin was not named as a defendant in the complaint, the court will consider Plaintiff's amendment (Doc. 8) to contain a motion to amend to name this individual as a defendant.

[3] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[4] Plaintiff states that "[o]n August 10, 2013, when inmate Dawn Jordan alleged the allegations I & I came to question [her], [she] was handcuffed because [she] had been placed in segregation due to inmate Jordan's lies." (Doc. 8) at 3.

2

*Ala. Code* § 6-2-8(a) provides no basis for relief to Plaintiff from application of the time bar.[5]  Thus, the statute of limitations began to run on the issues arising from the challenged disciplinary action and excessive force claims on or before August 10, 2013. The limitations period ran uninterrupted until it expired on August 10, 2015. Plaintiff filed the instant complaint on October 29, 2015.  This filing occurred after expiration of the limitation period.[6]

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under § 1983, it may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin [v. State of Oregon]*, 563 F. Supp. [1310,]  1330, 1332 [(D.C. Oregon 1983)]."  *Id*. at n.2.

---

[5] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane...."  *Ala. Code* § 6-2-8(a).  The complaint demonstrates that Plaintiff was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

[6] The general federal rule is that a statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights ."  *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996). Here, Plaintiff indicates the events about which she complains in this action occurred on or before August 10, 2013. Thus, it is clear from the complaint that Plaintiff has been aware of her claims since that date, which is more than two years prior to the October 29, 2015,  filing date of this action. For this reason, Plaintiff's claims are barred by the two-year statute of limitations applicable to claims under § 1983.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed regarding the validity of the disciplinary proceedings, including her assignment to disciplinary segregation, and the excessive force claim which occurred on or before August 10, 2013, as she filed this cause of action over two years after the challenged actions occurred. As previously noted, the statutory tolling provision is unavailing. Consequently, the two-year period of limitations applicable to Plaintiff's claims expired prior to her filing the instant complaint. In light of the foregoing, the court concludes Plaintiff's complaint is barred by the applicable statute of limitations, and is, therefore subject to dismissal as frivolous under the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II.  CONCLUSION

It is

ORDERED that Plaintiff's amendment to the complaint, considered to contain a motion to amend to name as an additional defendant Investigator Baskin (Doc. 8) is GRANTED.

It is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's complaint (Doc. 1) be DISMISSED with prejudice as Plaintiff failed to file the complaint within the time prescribed by the applicable statute of limitations;

2.  This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before March 29, 2016**, Plaintiff may file an objection to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of

justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 15th day of March 2016.

                                         /s/  Wallace Capel, Jr.
                                         UNITED STATES MAGISTRATE JUDGE