IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TAMMY R. GARRISON, #220 585, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-846-MHT |
| | ) | [WO] |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

## **SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 15, 2016 the undersigned entered a Recommendation that Plaintiff's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) due to Plaintiff's failure to file the complaint within the time prescribed by the applicable period of limitation. (Doc. 9). Plaintiff filed objections to the Recommendation on March 22, 2016. (Doc. 11). Upon thorough review of this pleading, the court concludes that Plaintiff's objections are without merit. However, in the interest of justice, the court deems it appropriate to supplement its previous Recommendation in light of the arguments made in Plaintiff's objections.

### **I. DISCUSSION**

Plaintiff argues her lawsuit should not be barred by the statute of limitations as she is entitled to equitable tolling. To support her argument Plaintiff alleges she suffered two nervous breakdowns after being placed in the segregation unit in August of 2013 following disciplinary proceedings filed against her. Her mental state required her to be placed in the suicide unit and she was also "heavily medicated." Plaintiff was released from the segregation unit in September of 2014 and her medication dosage was reduced. Plaintiff argues her nervous breakdowns,

placement in the suicide unit, and being heavily medicated demonstrates she was "legally insane/incompetent at the time of the challenged events." Doc. 11 at 1-2.

In the March 15, 2016, Recommendation, the court explained that the statute of limitations for a § 1983 action is Alabama's general or residual statute of limitations for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992) (noting the ruling from *Owens* ). Alabama's general residual statute of limitations for personal injury actions is two years. Because the events underlying Plaintiff's § 1983 action occurred on or before August 10, 2013, but Plaintiff did not file her complaint until October 29, 2015, the court found the two-year limitations statute had run at the time she brought this lawsuit. *See* Doc. 9.

For the first time Plaintiff argues in her objections that the two-year statute of limitations should be tolled under Ala. Code § 6–2–8(a) (1975), which, within certain limitations not relevant here, allows for the tolling of a limitations statute during the time that a person is "insane." This provision states in part: "If anyone entitled to commence any of the actions enumerated in this chapter, . . . is, at the time the right accrues . . . insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action. . . ."  Plaintiff maintains that at an unspecified time after the underlying events about which she complains in her lawsuit occurred she had two nervous breakdowns which rendered her insane, and, thus, the two-year statute of limitations was tolled until Plaintiff's release from segregation in September 2014. (Doc. 11).

Plaintiff does not indicate how long after her placement in segregation that the nervous breakdowns occurred or how long they lasted, nor does she describe her level of impairment

2

during this period. Nonetheless, Plaintiff's request that the court accept a nervous breakdown as a condition falling within the definition of "insanity" in § 6–2–8(a), is not tenable as Plaintiff fails to allege how this condition, without more, and in and of itself, falls within the definition of the statute. Alabama state courts have held, regarding the criminal insanity defense, *see Ala. Code* § 13A–3–1,[1] that "evidence of mental or emotional impairment or disability not amounting to legal insanity does not furnish sufficient evidence to warrant the submission of the insanity issue to the jury." *Young v. State*, 428 So. 2d 155, 160 (Ala. Crim. App. 1982); *see also Brackin v. State*, 417 So. 2d 602, 604 (Ala. Crim. App. 1982) (holding that "[l]egal insanity does not embrace every kind of mental disease and disorder that renders a person not responsible for his acts."); *see also Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520, at *3 (5th Cir. 2001) (holding that claims of incompetence do not automatically entitle a petitioner to equitable tolling, and that the petitioner "must sufficiently allege facts indicating that his incompetence impeded him from asserting legal rights."); *Simpson v. Greene*, 2003 WL 22999489, at *2 (S.D. N.Y. Dec. 22, 2003) (internal quotation marks and citation omitted) (deciding that "conclusory factual averments" regarding habeas petitioner's mental incapacitation and a failure to explain how his condition adversely affected his ability to function or pursue his rights was "manifestly insufficient" to justify equitable tolling). Moreover, under Ala. Code § 6-2-8(c), "[a] disability which did not exist when a claim accrued does not suspend the operation of the limitation unless the contrary is expressly provided." It appears from the facts alleged in the complaint as well as the objections that Plaintiff's mental condition occurred after the incidents about which she

---

[1] Ala. Code § 13A-3-1(a) (1975) provides that "[i]t is an affirmative defense to a prosecution for any crime that, at the time of the commission of the acts constituting the offense, the defendant, as a result of severe mental disease or defect, was unable to appreciate the nature and quality or wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

complains. Even if Plaintiff could demonstrate otherwise, she has not demonstrated sufficient evidence to take advantage of *Ala. Code* § 6–2–8(a)'s tolling provision. Her general and conclusory assertion that she experienced nervous breakdowns, without more, does not establish legal insanity, and she offers no evidence of infirmity beyond her temporary cases of mental instability.

Plaintiff also argues she is entitled to equitable tolling because she did not have the correct forms with which to file a § 1983 complaint until October of 2015 when she was transferred to the Montgomery Pre-Release Facility. A federal limitation period "may be equitably tolled" when a plaintiff "untimely files because of extraordinary circumstances that are both beyond h[er] control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The plaintiff bears the burden of showing that such extraordinary circumstances exist. *Justice [v. United States],* 6 F.3d [1474, 1479 (11th Cir. 1993)]. In determining whether a plaintiff meets this burden, we must keep in mind that '[equitable] tolling is an extraordinary remedy which should be extended only sparingly.' *Id.* (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58, 112 L .Ed.2d 435 (1990))." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006).

Plaintiff argues equitable tolling is justified because after her release from segregation she went to the law library at Tutwiler Prison to obtain the proper paperwork but they did not have the right forms. After her transfer to the Montgomery Pre-release Facility in October 2015, Plaintiff asserts she obtained the correct forms to file her complaint. (Doc. 11).

4

The law is settled that an inmate's limited access to legal resources, lack of legal knowledge, inability to understand legal principles, and/or inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling). Because Plaintiff reveals no extraordinary circumstances beyond her control and unavoidable with the exercise of diligence, equitable tolling of the limitation period is not warranted.

For the foregoing reasons, Plaintiff's § 1983 action is properly subject to dismissal under § 1915(e)(2)(B)(i) as time barred.

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the March 15, 2016, Recommendation of the Magistrate Judge (Doc. 9) be adopted and Plaintiff's objections thereto (Doc. 11) be overruled.

It is further

ORDERED that **on or before April 15, 2016**, Plaintiff may file objections to the Supplemental Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

5

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 1st day of April 2016.

/s/   Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE