IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| TAMMY R. GARRISON,           ) | |
| )                             | |
|    Plaintiff,       ) | |
| )                             | CIVIL ACTION NO. |
| v.                           ) | 2:15cv846-MHT |
| )                             | (WO) |
| ALABAMA DEPARTMENT OF        ) | |
| CORRECTIONS, et al.,         ) | |
| )                             | |
|    Defendants.      ) | |

## OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state prisoner, filed this lawsuit challenging her placement in disciplinary segregation due to a false accusation from another prisoner and contending that an investigator used excessive force against her when she refused to admit to the accusation. This lawsuit is now before the court on the recommendation and supplemental recommendation of the United States Magistrate Judge that plaintiff's case be dismissed with prejudice due to the expiration of the statute of limitations. Also before the court are plaintiff's

objections to the recommendation and the supplemental recommendation. After an independent and de novo review of the record, the court concludes that plaintiff's objections should be overruled and the magistrate judge's recommendations adopted.

However, this court's adoption of the recommendations should not be read as a holding that the definition of "insane" under 1975 Ala. Code § 6-2-8, which allows tolling for a person who was "insane" when her claim accrued, is equivalent to the definition of insanity as used in the context of a criminal case. See Supplemental Recommendation (doc. no. 13) at 3 (citing criminal cases involving the insanity defense). 1975 Ala. Code § 1-1-1 defines the term "insane" as including "all persons of unsound mind." The Alabama courts have not clearly elucidated "what constitutes an 'unsound mind' for purposes of tolling the running of the limitations period until removal of the disability." Travis v. Ziter, 681 So. 2d 1348, 1352 (Ala. 1996). But see Alabama Power Co.

<u>v. Shaw</u>, 111 So. 17, 20 (Ala. 1926) (holding that "insanity" in tolling context encompasses temporary unsoundness of the mind and recognizing that the word "signifies any derangement of the mind that deprives it of the power to reason or will intelligently.")  In any case, even if plaintiff was of "unsound mind" at some point during the limitations period due to her nervous breakdowns, she has not shown that she was of "unsound mind" under any definition <u>at the time her claims accrued</u>, 1975 Ala. Code § 6-2-8(c), that is, in August 2013.  Although she reports that she was grieving and seeking mental-health care during that time, those contentions are not sufficient to establish that she was "insane."  Accordingly, the court agrees that her claims are barred by the statute of limitations.

    An appropriate judgment will be entered.

    DONE, this the 9th day of May, 2016.

                             <u>/s/ Myron H. Thompson</u>
                             **UNITED STATES DISTRICT JUDGE**